UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VERONICA TROCHE, on behalf of herself and
all others similarly situated,

               Case No. 1:23-cv-09156-ALC

        Plaintiffs,

               **ANSWER**

    -against-

TRIBAL LLC, d/b/a AKAMAIBASICS,

        Defendant.

-----------------------------------------------------------X

   Defendant Tribal, LLC, by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for

its Answer to the Complaint herein, states as follows:

   1.  Denies the allegations contained in paragraph 1.

   2.  Denies having knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 2.

   3.  Denies the allegations contained in paragraph 3 and refers to the referenced website

for the content thereof.

   4.  Denies having knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 4 and refers to the referenced report for the contents thereof.

   5.  Denies the allegations contained in paragraph 5.

   6.  Denies having knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 6.

   7.  Denies the allegations contained in paragraph 7, except admits that plaintiff

purports to seek injunctive relief.

   8.  Denies the allegations contained in paragraph 8, except admits that plaintiff

purports to invoke this Court's jurisdiction.

133076682.1          1

9.     Denies the allegations contained in paragraph 9, except admits that plaintiff purports to invoke this Court's jurisdiction.

10.     Denies the allegations contained in paragraph 10, except admits that plaintiff purports to invoke this Court's venue.

11.     Denies the allegations contained in paragraph 11, except admits that Defendant is incorporated under the laws of the State of Colorado.

12.     Denies the allegations contained in paragraph 12, except admits that plaintiff purports to invoke this Court's venue.

13.     Denies the allegations contained in paragraph 13.

14.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and refers to the referenced statement for the contents thereof.

15.     Denies the allegations contained in paragraph 15 and refers all questions of law to the .

16.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 and refers all questions of law to the Court.

18.     Denies the allegations contained in paragraph 18 and refers all questions of law to the Court, except admits that Defendant is a Colorado corporation and refers to the website for the contents thereof.

19.     Denies the allegations contained in paragraph 19 and refers all questions of law to the Court.

20.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and refers all questions of law to the Court.

21.     Denies the allegations contained in paragraph 21, except admits that Defendant operates the referenced website and refers to the website for the contents thereof.

22.     Denies the allegations contained in paragraph 22 and refers to the website for the contents thereof.

23.     Denies the allegations contained in paragraph 23.

24.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 and refers to the website for the contents thereof.

25.     Denies the allegations contained in paragraph 25.

26.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26.

27.     Denies the allegations contained in paragraph 27.

28.     Denies the allegations contained in paragraph 28.

29.     Denies the allegations contained in paragraph 29.

30.     Denies the allegations contained in paragraph 30 and refers all questions of law to the Court.

31.     Denies the allegations contained in paragraph 31.

32.     Denies the allegations contained in paragraph 32.

33.     Denies  the allegations contained in paragraph 33.

34.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 34.

35.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 35.

36.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 36.

37.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 37.

38.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 38.

39.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 39.

40.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 40.

41.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41.

42.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43 except admits that Defendant owns and operates the referenced website and refers to the website for the contents thereof.

44.     Denies the allegations contained in paragraph 44 and refers to the website for the contents thereof.

45.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 45.

46.     Denies the allegations contained in paragraph 46.

133076682.1                                    4

47.     Denies the allegations contained in paragraph 47.

48.     Denies the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49.

50.     Denies the allegations contained in paragraph 50.

51.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 51.

52.     Denies the allegations contained in paragraph 52.

53.     Denies the allegations contained in paragraph 53.

54.     Denies the allegations contained in paragraph 54.

55.     Denies the allegations contained in paragraph 55.

56.     Denies the allegations contained in paragraph 56.

57.     Denies the allegations contained in paragraph 57.

58.     Denies the allegations contained in paragraph 58.

59.     Denies the allegations contained in paragraph 59 and refers all questions of law to the Court.

60.     Denies the allegations contained in Plaintiff's second paragraph 53 and refers all questions of law to the Court.

61.     Denies the allegations contained in Plaintiff's third paragraph 53.

62.     Denies the allegations contained in paragraph Plaintiff's second paragraph 54.

63.     Denies the allegations contained in Plaintiff's second paragraph 55 except admits that Plaintiff styles this case as a class action.

64.     Denies the allegations contained in Plaintiff's second paragraph 56 except admits that Plaintiff purports to seek certification of a New York subclass.

65.     Denies the allegations contained in Plaintiff's second paragraph 57 except admits that Plaintiff styles this case as a class action.

66.     Denies the allegations contained in Plaintiff's second paragraph 58 except admits that Plaintiff styles this case as a class action.

67.     Denies the allegations contained in Plaintiff's second paragraph 59 except admits that Plaintiff styles this case as a class action.

68.     Denies the allegations contained in paragraph 60 except admits that Plaintiff styles this case as a class action.

69.     Denies the allegations contained in paragraph 61 except admits that Plaintiff styles this case as a class action.

70.     Denies the allegations contained in paragraph 62 except admits that Plaintiff styles this case as a class action.

## FIRST CAUSE OF ACTION

71.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 70 above.

72.     Denies the allegations contained in paragraph 64 and refers all questions of law to the Court.

73.     Denies the allegations contained in paragraph 65 and refers all questions of law to the Court.

74.     Denies the allegations contained in paragraph 66 and refers all questions of law to the Court.

75.     Denies the allegations contained in paragraph 67 and refers all questions of law to the Court.

76.     Denies the allegations contained in paragraph 68 and refers all questions of law to the Court.

77.     Denies the allegations contained in paragraph 69.

78.     Denies the allegations contained in paragraph 70.

## SECOND CAUSE OF ACTION

79.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 78 above.

80.     Denies the allegations contained in paragraph 72 and refers all questions of law to the Court.

81.     Denies the allegations contained in paragraph 73 and refers all questions of law to the Court.

82.     Denies the allegations contained in paragraph 74 and refers all questions of law to the Court, except admits that Defendant owns and operates the website.

83.     Denies the allegations contained in paragraph 75.

84.     Denies the allegations contained in paragraph 76.

85.     Denies the allegations contained in paragraph 77.

86.     Denies the allegations contained in paragraph 78.

87.     Denies the allegations contained in paragraph 79.

88.     Denies the allegations contained in paragraph 80.

89.     Denies the allegations contained in paragraph 81.

90.     Denies the allegations contained in paragraph 82.

91.     Denies the allegations contained in paragraph 83.

## THIRD CAUSE OF ACTION

92.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 91 above.

93.     Denies the allegations contained in paragraph 85.

94.     Denies the allegations contained in paragraph 86.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her alleged damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

This Court lacks *in personam* jurisdiction over Defendant.

## NINTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendant's actions were not discriminatory or otherwise actionable.

## TENTH AFFIRMATIVE DEFENSE

Defendant did not encourage, condone, approve or participate in any allegedly discriminatory conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the primary jurisdiction and primary jurisdiction doctrines and the Court should refrain from exercising jurisdiction over the claims until the United States Department of Justice issues regulations on accessibility standards for websites under Title III of the ADA.

## TWELFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction.

## THIRTEENTH AFFIRMATIVE DEFENSE

Primary jurisdiction over the instant claims does not lie with the Court.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because the alterations that Plaintiff seeks to the subject website are not readily achievable nor able to be carried out without significant difficulty or expense except, rather, would result in an undue burden upon Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

It is or was impracticable to design, construct or otherwise alter the subject website in the manner proposed in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Alternative means of access to Defendant's goods and/or services are readily accessible and available.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any departures from applicable guidelines, if any, are permitted by law insofar as any alternate designs provide substantially equivalent or greater access to and usability of the properties and the goods.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Full compliance with any alterations that are allegedly required would be technically infeasible.

### NINETEENTH AFFIRMATIVE DEFENSE

Alterations which do not serve primary functions are disproportionate to the cost of the overall alteration of the websites.

### TWENTIETH AFFIRMATIVE DEFENSE

There are no access barriers to the use or enjoyment of the subject website and/or any goods, services, programs, facilities, privileges, advantages and accommodations provided therein.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As Plaintiff failed to provide Defendant with notice as to any alleged barrier encountered or opportunity to cure same prior to instituting this suit prior to filing this action, and without attempting to resolve the alleged issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, Plaintiff cannot recover attorneys' fees and costs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

10

The modifications proposed or sought would impose a significant administrative or financial burden upon Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not experienced or been subject to any barriers to the access, use or full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at the subject website as a result of any acts or omissions of Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is and was not a *bona fide* patron or user of the subject website.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are *de minimis*.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint is not appropriate for treatment as a class action under Federal Rule of Civil Procedure 23.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff had effective access to the subject website including because any alleged barriers encountered on the site were *de minimis*.

## THIRTIETH AFFIRMATIVE DEFENSE

133076682.1

Plaintiff's claims are barred because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never aske or sought any assistance.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant provided, and/or was willing to provide, equivalent facilitation with respect to any barriers alleged in the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for or sought any such modifications.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant demands that judgment be entered as follows:

1.      Dismissing the Complaint in its entirety with prejudice;

2.      Awarding Defendant costs and expenses, including reasonable attorneys' fees; and

3.      Granting such other and further relief as is just and proper.

Dated:  New York, New York
          December 13, 2023

133076682.1                            12

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    */s/ Peter T. Shapiro*
        Peter T. Shapiro
        Erin P. Cain
        *Attorneys for Defendant*
        77 Water Street, Suite 2100
        New York, New York 10005
        (212) 232-1300
        Peter.Shapiro@lewisbrisbois.com
        Erin.Cain@lewisbrisbois.com

To:    JOSEPH & NORINSBERG, LLC
        *Attorneys for Plaintiff*
        Jon L. Norinsberg, Esq.
        Bennitta L. Joseph, Esq.
        110 East 59th Street, Suite 3200
        New York, New York 10022
        (212) 227-5700
        jon@norinsberglaw.com

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on December 13, 2023, he caused to be filed via ECF Defendant's Answer to the Complaint.

*/s/ Peter T. Shapiro*
Peter T. Shapiro